## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ALLEN DAVIES<br>Inmate No.: NE3668<br>706 Glades Pike<br>Somerset, PA 15501 | : CIVIL ACTION - LAW<br>:<br>: NO.: 1:26-CV-02156<br>: |
| Plaintiff, | : JURY TRIAL DEMANDED<br>: |
| vs. | :<br>: |
| WARDEN BOBBI SALAMON,<br>SCI ROCKVIEW (Former Warden)<br>1120 Pike Street<br>Huntingdon, PA 16652 | :<br>:<br>:<br>: |
| and | :<br>: |
| PRIMECARE MEDICAL, INC.<br>3940 Locust Lane<br>Harrisburg, PA 17109 | :<br>:<br>: |
| and | :<br>: |
| SNEHAL SHAH, M.D.<br>3940 Locust Lane<br>Harrisburg, PA 17109 | :<br>:<br>: |
| Defendants, Individually<br>and Jointly. | :<br>: |

## CIVIL ACTION - COMPLAINT

Plaintiff, JASON ALLEN DAVIES, by and through undersigned counsel, Adam D.

Meshkov, Esquire, and John R. Vivian, Jr., Esquire, hereby brings this action against Defendants,

WARDEN BOBBI SALAMON, PRIMECARE MEDICAL, INC., and SNEHAL SHAH, M.D., and in support thereof avers as follows:

## PARTIES

1.      Plaintiff, Jason Davies, is an adult male who was and is currently in the custody of the Pennsylvania Department of Corrections with Inmate No.: NE366, and who presently resides at SCI - Laurel Highlands, but who was formerly incarcerated at SCI Rockview where the claims presented in this Complaint occurred.

2.      Defendant, Warden Bobbi Salamon ("Defendant Salamon"), operates and controls the Department of Corrections and in particular, operated a facility known as SCI Rockview, which is a prison owned and managed by the Commonwealth of Pennsylvania, and at all times mentioned herein was ultimately responsible for all medical treatment, care, and evaluation of inmates, and was acting under color of state law.

3.      Defendant, PrimeCare Medical Inc. ("Defendant PrimeCare"), is a for-profit corporation organized under Pennsylvania law which, at all times relevant to this action, provided medical services for inmates such as Plaintiff through a contract with Defendant SCI Rockview and/or its related agencies and which at all times relevant was and remained responsible for all medical treatment and evaluation of inmates and was acting under color of state law.

4.      Defendant, Snehal Shah, M.D., is an agent, servant and employee of Defendant, PrimeCare Medical and was charged with the care, treatment, and medical evaluation of Plaintiff and was acting under color of state law.

2

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law, the United States Constitution and 42 U.S.C. § 1983.

6.    Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the unlawful practices alleged below occurred in this District.

## JURY TRIAL DEMAND

7.    Plaintiff hereby demands a trial by jury of all matters complained of.

## FACTUAL ALLEGATIONS

8.    On or about August 19, 2024, Plaintiff was within the custody and control of Defendant Salamon.

9.    During his incarceration, Plaintiff was also under the medical care of medical professionals employed by Defendant Primecare, including, but not limited to Dr. Snehal Shah.

10.    Prior to August 19, 2024, Plaintiff had been prescribed a number of medications for a variety of medical problems, including Strattera, Symbalta, Trileptal, and Trazodone.

11.    Prior to August 19, 2024, Plaintiff was also prescribed a medication known as Prazosin (Minipress), normally prescribed to treat hypertension, and is also approved for use in treating depression and severe post-traumatic stress.

12.    In early August, 2024, Plaintiff requested an increase in his dosage of Prazosin from three milligrams per day at bedtime, which was provided by Dr. Snehal Shah, an employee of Defendant PrimeCare, and increased to four milligrams per day at bedtime.

13.    When this increase in dosage was provided, Plaintiff was not advised of its potential interaction with any of his other prescription medications nor advised that the increase could result

3

in syncope, i.e., sudden loss of consciousness, or in postural hypotension, i.e., a rapid drop in blood pressure when standing, side effects of which are well known within the medical community.

14.     Following the increase in dosage of Prazosin, Plaintiff experienced several falls due to what he believes to be an intense decrease in blood pressure, which Plaintiff reported to Defendants.

15.     On August 19, 2024, Plaintiff woke up for prisoner count in the morning during which he experienced a loss of consciousness, causing him to fall to the floor of his cell, hitting his head violently on a desk and/or floor.

16.     As a result of this episode, Plaintiff was caused a large contusion in the center of his head, multiple contusions and lesions on his forehead and backside of his head, and inability to move his hands or legs (parathesia).

17.     Due to his condition and obvious injuries, Plaintiff was taken to Mount Nittany Medical Center and was diagnosed with cervical myelopathy with cervical radiculopathy requiring emergency surgical intervention.

18.     The day after his injury, August 20, 2024, emergency surgeries were performed, including an anterior cervical discectomy with bilateral foraminotomies C5-C6, C6-C7, anterior cervical arthrodesis C5-C6, C6-C7,  placement of a spira cage filled with bone graft C5-C6, C6-C7, and placement of a Z plate and screws C5-C6, C6-C7.

19.     As a result of Plaintiff's injuries, he has not resumed normal function and continues to experience extreme neck and back pain, difficulty ambulating, and difficulty using both of his arms, conditions and symptoms which may be permanent in nature.

4

## COUNT ONE
### (PLAINTIFF v. DEFENDANT BOBBI SALAMON)
### Violation of the Eighth and Fourteenth Amendments to the United States Constitution - State Created Danger - 42 U.S.C. §1983

20.    Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

21.    The conduct of Defendant Salamon by and through Defendant PrimeCare through its agents, servants, and employees constituted violations of Plaintiff's rights under the Eighth and Fourteenth Amendments was caused by and consistent with the practices, policies, and procedures deliberately implemented and maintained by Defendant, PrimeCare, including the reckless disregard for Plaintiff's health and wellbeing by prescribing a combination of medications which posed a risk of significant side effects and physical harm without adequate warning.

22.    Plaintiff believes and therefore avers that not only was the conduct in reckless disregard of Plaintiff's health and well-being, but also included deliberate indifference in modifying the drugs prescribed and providing proper adjustments to the dosages of Prazosin and completely ignoring the interaction with this drug with others causing the symptomatology, which had been reported to the Defendants

23.    Defendant Salamon independently and by and through Defendant PrimeCare and its agents and employees breached their duty of care to Plaintiff by failing to provide him with proper and appropriate medical care resulting in severe and permanent physical injuries as detailed above.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant for damages in the form of economic, actual and compensatory damages, including attorney's fees and costs, lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

5

<u>**COUNT TWO**</u>
**PLAINTIFF v. DEFENDANT PRIMECARE**
<u>**NEGLIGENCE**</u>

24.    Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

25.    Plaintiff's injuries and damages occurred as a result of the negligent acts and omissions of Defendant PrimeCare and its agents, servants, and employees and Defendant Doctor Snehal Shah, as detailed above.

26.    The careless, negligent and reckless acts of Defendant PrimeCare and Defendant Shah included but were not limited to:

a.    Its failure to train its employees and agents adequately with respect to the provision of prescription medications;

b.    Its failure to implement procedures to assure that prescription medications and any combination thereof do not result in physical harm to inmates/patients;

c.    In its failure to recognize and properly prescribe prescription medications to Plaintiff;

d.    In failing to obtain, review, and adequately appreciate and understand Plaintiff's medical history and own medical records;

e.    In failing to warn Plaintiff of the risk of syncope upon providing an increase of his dosage of Prazosin, as detailed above;

f.    In not monitoring the prescribed dosage of Prazosin and its side effects and potential/actual interaction with other prescribed drugs;

6

g.      Acting with deliberate indifference and reckless disregard in addressing serious

medical symptomatology, including syncope episodes and other well-known

symptomatology associated with Prazosin.

27.     Defendant PrimeCare and Defendant Shah's negligence resulted in severe and permanent

physical injury to Plaintiff as detailed above.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against

Defendants for economic, actual and compensatory damages, including lost earnings, lost

earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional

distress and psychological harm.

**COUNT THREE**
**STATE PENDENT CLAIM**
**PLAINTIFF v. DEFENDANT BOBBI SALAMON**

28.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully

set forth below.

29.     Plaintiff brings this suit pursuant to 42 Pa.C.S.A. §8522 (b)(2), which provides for an

exception to sovereign immunity for acts of healthcare employees of Commonwealth agency

medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or

related healthcare personnel.

30.     The negligent and careless medical care provided to the Plaintiff herein is detailed

heretofore in this Complaint.

31.     The Defendant, Salamon, by and through its servants, agents and employees, committed

the following careless, reckless and negligent acts of the Defendant, Commonwealth in violation

of the applicable standards of care, consisting of the following:

a.      Failure to take a complete and accurate medication history from the Plaintiff;

7

b.      Failure to properly review Plaintiff's medical records to identify all current medication;

c.      Failure to check for potential drug interactions before prescribing new medications, or in the alternative, failing to follow up on potential drug interactions after Plaintiff began suffering episodes of syncope and other symptomatology;

d.      Failure to consult drug interaction databases or reference materials;

e.      Failure to adequately warn the Plaintiff of potential adverse effects and drug interactions following the increase of his Prazosin medication;

f.      Failure to monitor and/or treat the Plaintiff for adverse reactions after prescribing the medication and having been notified of the symptomatology Plaintiff was suffering after the increased dosage of Prazosin;

g.      Failure to exercise reasonable care in selecting the appropriate medications for Plaintiff's conditions, and in particular not appropriately monitoring side effects and drug interactions;

h.      Failure to monitor Plaintiff for adverse reactions after prescribing Prazosin;

i.      In prescribing Prazosin when it was contraindicated due to Plaintiff's use of Trazodone and other medication already prescribed for Plaintiff;

j.      In failing to exercise a degree of care, skill and proficiency commonly exercised by competent physicians when prescribing Prazosin;

k.      Defendant's careless, negligent and reckless action as set forth above was a substantial factor in causing Plaintiff's injuries as described in detail heretofore;

32.     As a direct and proximate result, substantial factor and factual cause, Plaintiff has suffered and continues to suffer severe physical injuries, pain and suffering, emotional distress and economic losses.  In addition, Plaintiff has suffered all the damages set forth heretofore.

33.     Plaintiff's injuries may be permanent in nature and will require ongoing medical care and treatment in the future.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, Salamon, for economic, actual compensatory damages, including lost earnings, lost earnings potential, severe physical and mental trauma injuries, pain and suffering, emotional distress and psychological harm, and permanent injury.

**COUNT FOUR**
**STATE PENDANT CLAIM**
**PLAINTIFF v. DEFENDANT PRIMECARE MEDICAL, INC. and**
**DEFENDANT SNEHAL SHAH, M.D.**

34.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

35.     Plaintiff brings this cause of action against the Defendants, PrimeCare Medical, Inc. and Snehal Shah, M.D.

36.     Plaintiff brings this suit pursuant to 42 Pa.C.S.A. §8522 (b)(2), which provides for an exception to sovereign immunity for acts of healthcare employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related healthcare personnel.

37.     The negligent and careless medical care provided to the Plaintiff herein is detailed heretofore in this Complaint.

38.     The Defendants, PrimeCare Medical and Snehal Shah, M.D., by and through its servants, agents and employees committed the following careless, reckless and negligent acts of the

9

Defendant, Commonwealth in violation of the applicable standards of care consisted of the following:

a.    Failure to take a complete and accurate medication history from the Plaintiff;

b.    Failure to properly review Plaintiff's medical records to identify all current medication;

c.    Failure to check for potential drug interactions before prescribing new medications, or in the alternative, in failing to follow up on potential drug interactions after Plaintiff began suffering episodes of syncope and other symptomatology;

d.    Failure to consult drug interaction databases or reference materials;

e.    Failure to adequately warn the Plaintiff of potential adverse effects and drug interactions following the increase of his Prazosin medication;

f.    Failure to monitor and/or treat the Plaintiff for adverse reactions after prescribing the medication and having been notified of the symptomatology Plaintiff was suffering after the increased dosage of Prazosin;

g.    Failure to exercise reasonable care in selecting the appropriate medications for Plaintiff's conditions, and in particular not appropriately monitoring side effects and drug interactions;

h.    Failure to monitor Plaintiff for adverse reactions after prescribing Prazosin;

i.    In prescribing Prazosin when it was contraindicated due to Plaintiff's use of Trazodone and other medication already prescribed for Plaintiff;

j.    In failing to exercise a degree of care, skill and proficiency commonly exercised by competent physicians when prescribing Prazosin;

10

k.    Defendant's careless, negligent and reckless action as set forth above was a substantial factor in causing Plaintiff's injuries as described in detail heretofore;

39.    As a direct and proximate result, substantial factor and factual cause, Plaintiff has suffered and continues to suffer severe physical injuries, pain and suffering, emotional distress and economic losses.  In addition, has suffered all the damages set forth heretofore.

40.    Plaintiff's injuries may be permanent in nature and will require ongoing medical care and treatment in the future.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for economic, actual compensatory damages, including lost earnings, lost earnings potential, severe physical and mental trauma injuries, pain and suffering, emotional distress and psychological harm, and permanent injury.

Respectfully submitted,

Dated: 7/30/26                By:    *Adam D. Meshkov*
                                     ADAM D. MESHKOV
                                     Attorney I.D.: 94856
                                     830 Lehigh Street
                                     Easton, PA 18042
                                     adm@meshkovbreslin.com
                                     (T) 610.258.6625 / (F) 610.258.4875

                                     *John R. Vivian, Jr.*
                                     JOHN R. VIVIAN, JR.
                                     Attorney I.D.: 4459
                                     830 Lehigh Street
                                     Easton, PA  18042
                                     jrvivian@verizon.net
                                     *T* - (610) 258-6625
                                     *F* - (610) 258-4875

11